# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Twyman, | Civ. No. 22-1361 (NEB/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, FPC-Duluth Warden, | |
| Respondent. | |

This case is before the Court on Petitioner Kevin Twyman's Motion for Default Judgment. (Doc. No. 9.) On June 9, 2022, this Court issued an Order directing Respondent to file an answer to the Petition within 30 days. (Doc. No. 4.) Respondent subsequently filed a response on July 11, 2022. (Doc. No. 6.) Petitioner now argues in his Motion for Default Judgment that judgment should default in his favor because Respondent failed to respond within 30 days of this Court's June 9, 2022 Order.

Default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Default judgment is "only appropriate where there has been a clear record of delay or contumacious conduct," *Taylor v. City of Baldwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir. 1988), and "entry of default judgment should be a rare judicial act," *Comiskey v. JFTJ Corp.*, 989 F2d 1007, 1009 (8th Cir. 1993) (citations and quotation omitted); *see also Cooper v. True*, No. 16-CV-02900 (MJD/KMM), 2017 WL 620791, at *2 (D. Minn. Jan. 25, 2017), *report and recommendation adopted*, 2017 WL 600078 (D. Minn. Feb. 14,

2017). Additionally, "[t]hough the Federal Rules of Civil Procedure may be applied in habeas proceedings when they would not be inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases, default judgments are strongly disfavored in such proceedings." *Spencer v. Rios*, No. 18-CV-2639 (MJD/TNL), 2019 WL 9313598, at *2 (D. Minn. Apr. 23, 2019) (citing *Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir. 1990)), *report and recommendation adopted*, 2019 WL 2373333 (D. Minn. June 5, 2019). "This is particularly true when the petitioner seeks default judgment only because the opposing party is untimely in responding." *Id.* "[N]o court has ordered a habeas writ to issue solely because of delay." *Hale*, 903 F.2d at 547; *see also Ward v. Terrell*, No. 08-cv-837, 2008 WL 5273720 *7 n. 4 (D. Minn. Dec. 17, 2008) (collecting cases that hold failure to file timely response does not entitle the petitioner to a writ).

Here, despite Petitioner's argument to the contrary, Respondent did not file a late response. Under Rule 6 of the Federal Rules of Civil Procedure, when the last day of a deadline period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(A). As already noted, the Court issued its Order requiring Respondent to respond within 30 days on June 9, 2022. (Doc. No. 4.) Excluding the day of the Order, *see* Fed. R. Civ. P. 6(a)(1)(A), thirty days would have required Respondent to file the response on July 9, 2022. However, because July 9, 2022 was a Saturday, the response was not due until the following Monday: July 11, 2022. *See* Fed. R. Civ .P. 6(a)(1)(C). Respondent filed his response on July 11, 2022. Thus, under Rule 6, Respondent timely filed within the deadline set by this Court's June 9, 2022 Order. *See*, *e.g.*, *Politano v. Fed. Detainer*,

No. 12-CV-1530 (PAM/LIB), 2013 WL 796360, at *2 n.2 (D. Minn. Feb. 6, 2013) (finding the respondent timely submitted a response when the Court's deadline to respond fell on a Sunday and the respondent filed a response the following Monday), *report and recommendation adopted sub nom.*, 2013 WL 791804 (D. Minn. Mar. 4, 2013). Moreover, even if Respondent had filed a few days late, "a default judgment and issuance of the writ of habeas corpus are not appropriate remedies for the failure of the respondent to file a timely response to the petition." *Ward*, 2008 WL 5273720, at *8. Accordingly, this Court recommends that Petitioner's motion for default be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion for Default Judgment, (Doc. No. 9), be **DENIED**.

Dated: July 25, 2022                    *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).